UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIVOTAL SYSTEMS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CONNECT ELECTRONICS USA, INC.,<br><br>Defendant. | Case No. 18-cv-01909-JSW  (SK)<br><br>**REPORT AND RECOMMENDATION REGARDING SUPPLEMENTAL MOTION FOR DEFAULT JUDGMENT**<br><br>Regarding Docket No. 54 |

This matter was referred to the undersigned for a report and recommendation on the supplemental motion for default judgment filed by Plaintiff Pivotal Systems Corporation ("Plaintiff"). For the reasons set forth below, the Court RECOMMENDS GRANTING Plaintiff's motion but REDUCES its requested prejudgment interest to the days currently accrued.

## BACKGROUND

Plaintiff filed a form complaint against Defendant Connect Electronics USA, Incorporated ("Defendant") in Superior Court for the County of San Francisco on February 13, 2018. (Dkt. No. 1.) In its complaint, Plaintiff alleges that Defendant "promised to provide a specific model of Samsung memory devices in exchange for a payment from [Plaintiff] of $105,468.35." (*Id*.) Plaintiff further alleges that on February 12, 2015, "Defendant provided non-conforming goods that were defective and useless to Plaintiff." (*Id*.) Plaintiff brings a claim for breach of contract and alleges that Defendant owes Plaintiff $105,468.35 in damages and interest on the damages "according to proof." (*Id*.) Plaintiff attached to the complaint a purchase order dated February 12, 2015, from Plaintiff for Samsung flash memory. (*Id*.)

On March 28, 2018, Defendant removed this action to this Court. (*Id*.) Defendant filed an answer on November 15, 2018. (Dkt. No. 27.) Defendant participated in court-sponsored mediation and in a case management conference. (Dkt. Nos. 25, 26, 27.) In the joint case

1    management statement, Defendant stated that it "may file a motion to dismiss the Complaint for
2    lack of personal jurisdiction." (Dkt. No. 26.)

3    On November 29, 2018, Defendant's counsel filed a motion to withdraw, which the
4    presiding judge granted on December 20, 2018. (Dkt. No. 36.) On February 13, 2019, Plaintiff
5    filed an administrative motion seeking to have the Court order Defendant to identify counsel who
6    will represent it in this litigation. (Dkt. No. 38.) The presiding judge granted the motion as
7    modified, providing Defendant until April 22, 2019 to identify new counsel. The Court further
8    stated that Plaintiff could move for entry of default judgment if new counsel for Defendant did not
9    appear by April 22, 2019. (Dkt. No. 40.)

10   On September 23, 2019, without first moving to strike Defendant's answer, Plaintiff filed a
11   motion for default judgment. Plaintiff did not include a proof of service or even state whether it
12   served Defendant with its motion. In its motion, Plaintiff sought $105,468.35 in damages and
13   $48,486.55 in interest at ten percent annually from February 12, 2015 through the date Plaintiff
14   filed its motion for default judgment. (Dkt. 41.)

15   After the presiding judge denied Plaintiff's motion for default judgment without prejudice,
16   Plaintiff moved to strike Defendant's answer. The presiding judge struck Defendant's answer and
17   authorized Plaintiff to move again for default judgment. (Dkt. No. 51.) Plaintiff then filed a
18   supplemental motion for default judgment which was referred to the undersigned for a report and
19   recommendation. (Dkt. Nos. 54, 55.) Plaintiff now seeks $105,468.35 in damages and
20   $62,558.45 in prejudgment interest from April 15, 2015 through March 19, 2021. (Dkt. No. 54.)

21   **ANALYSIS**

22   **A.    Jurisdiction and Service.**

23   Before entering default judgment, a court has "an affirmative duty to look into its
24   jurisdiction over both the subject matter and the parties." *See In re Tuli v. Rep. of Iraq*, 172 F.3d
25   707, 712 (9th Cir. 1999).

26   There is diversity of citizenship because Plaintiff is a citizen of California and Delaware
27   and Defendant is a citizen of Florida. The amount in controversy here exceeds $75,000.

28   Personal jurisdiction over Defendant exists as well. Where there is no applicable federal

1  statute governing personal jurisdiction, as is the case here, the law of the forum state determines
2  personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.
3  2004). California's long arm statute, Cal. Civ. Proc. Code § 410.10, which determines personal
4  jurisdiction, is coextensive with federal due process requirements, and therefore the analysis for
5  personal jurisdiction is the same under both state and federal law. *Id.* at 800-01. "Due process
6  requires that a defendant have minimum contacts with the forum 'such that the maintenance of the
7  suit does not offend traditional notions of fair play and substantial justice.'" *Brainerd v.
8  Governors of the Univ. of Alberta*, 873 F.2d 1257, 1259 (9th Cir. 1989) (quoting *Int'l Shoe Co. v.
9  Wash.*, 326 U.S. 310, 316 (1945)). "Personal jurisdiction may be founded on either general
10 jurisdiction or specific jurisdiction." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th
11 Cir. 1998). Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully
12 directed its activities at the forum state or has purposefully availed itself of the privileges of doing
13 business in the forum; (2) the plaintiff's claim arises out of or relates to those activities; and (3)
14 the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger*, 374 F.3d at 802; *see
15 also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-77 (1985). "The plaintiff bears the
16 burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these
17 prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at
18 802 (internal citation omitted).

19 Here, the facts alleged by Plaintiff are sufficient to demonstrate that Defendant is subject to
20 specific jurisdiction in California. By contracting with Plaintiff, a California corporation, to sell it
21 Samsung memory devices, Defendant purposefully itself of the privileges of doing business in
22 California. Plaintiff's claims arise from the formation and later breach of that contract by
23 Defendant. Additionally, Defendant removed this action to federal court, filed an answer, and
24 participated in this litigation for nine months with counsel without a challenge to jurisdiction. In
25 light of these facts, the assertion of personal jurisdiction over Defendant is reasonable and fair.

26 Moreover, service here was adequate. According to the Notice of Removal, Plaintiff
27 served Defendant by first class mail pursuant to California Code of Civil Procedure §415.40 and it
28 was deemed effective by February 26, 2018. (Dkt. No. 1.) Defendant commented in a footnote in

its Notice of Removal that service was ineffective, but Defendant waived any defects in service by filing an answer. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction.") (citing Fed. R. Civ. P. 12(h)(1)).

**B.     Standards Governing Default Judgment.**

After entry of default, a court may grant default judgment on the merits of the case. *See* Fed. R. Civ. P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980). In determining whether to enter default judgment, a court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**C.     Plaintiff's Motion.**

**1.     Prejudice to Plaintiff.**

If the Court denied Plaintiff's motion, it would likely be left without a remedy given Defendant's failure to defend this action. *See Pepsico, Inc. v. Cal. Sec. Cans,* 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).

**2.     Merits of Plaintiff's Claims and Sufficiency of the Complaint.**

The second and third factors, which look to the merits of Plaintiff's substantive claims and the sufficiency of the Complaint, also support entry of default judgment. After an entry of default, well-pled allegations in the complaint are deemed true, except for the amount of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff claims that Defendant breached the contract between them by providing defective, non-conforming Samsung memory devices. (Dkt. No. 1.) To prevail on a claim for breach of contract, Plaintiff must show "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." *First Commercial Mortgage Co. v.*

4

1   *Reece*, 89 Cal. App.4th 731, 745 (2001). Here, Plaintiff's allegations, which are taken as true on

2   this motion for default judgment, are that Defendant agreed to provide Plaintiff Samsung memory

3   devices in exchange for payment of $105,468.35. (Dkt. No. 1.) Plaintiff paid for the memory

4   devices, but Defendant provided defective memory devices to Plaintiff and thus breached the

5   contract. (*Id.*) As a result, Plaintiff was damaged in the amount it paid to Defendant. (*Id.*)

6   The Court finds that Plaintiff has sufficiently alleged and proved in this motion for default

7   judgment that Defendant breached the agreement between them.

### 3. Sum of Money at Stake.

The fourth *Eitel* factor focuses on the amount at issue in the action. "[C]ourts should be hesitant to enter default judgments in matters involving large sums of money." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1099-1100 (N.D. Cal. 2014). "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Board of Trs. v. Core Concrete Const., Inc.*, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472). However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations omitted); *see also Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010) (holding this factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct.").

Here, Plaintiff seeks the $105,468.35 it incurred as a result of Defendant's breach, plus prejudgment interest. This amount is tailored to remedy Defendant's specific misconduct. Therefore, this factor weighs in favor of granting default judgment.

### 4. Remaining *Eitel* Factors.

Because has defaulted in this action, the possibility of a dispute concerning material facts is unknown. Next, there is no evidence or indication that Defendant's failure to participate was due to excusable neglect. In fact, Defendant is fully aware of this litigation. Defendant participated in the litigation through counsel and only failed to participate after its counsel withdrew. Finally, although the seventh *Eitel* factor – balancing the policy consideration that whenever reasonably possible cases should be decided on their merits – weighs against default

judgment, the majority of other factors weigh heavily in favor of default judgment.

Despite the policy of favoring decisions on the merits, default judgment is appropriate when a defendant refuses to litigate a case. Fed. R. Civ. P. 55(b); *see also Bd. of Trustees v. RBS Washington, LLC,* 2010 WL 145097 at *4 (N.D. Cal. Jan. 8, 2010.) Here, Defendant failed to litigate. Therefore, the Court recommends that default judgment be entered against Defendant.

**D.     Remedy.**

While the allegations in the Complaint are taken as true for purposes of default judgment, courts must make specific findings of fact in assessing the amount of damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Plaintiff must prove the relief it seeks through testimony or written affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18). Additionally, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Here, Plaintiff seeks damages and prejudgment interest in the amount of $168,026.50. Plaintiff seeks to recover the contract price it paid for the defective flash memory – $105,668.35. (Dkt. No. 54-1 (Suppl. Decl. of Joseph Hajost), ¶ 4, Ex. A.) Defendant delivered the flash memory to Plaintiff in March 2015 and by April 15, 2015, Plaintiff discovered that the product was defective. (*Id*., ¶¶ 8, 10.) Upon investigation, Plaintiff discovered that Defendant provided counterfeit, as opposed to Samsung, flash memory. (*Id*., ¶ 9.) Defendant refused to allow Plaintiff to return the product or to provide a refund. (*Id*., ¶ 11.)

Plaintiff also seeks prejudgment interest at the rate of ten percent per annum pursuant to California Civil Code § 3289 from April 15, 2015 through March 19, 2021, in the amount of $62,558.45. Plaintiff alleged it was seeking interest and may recover prejudgment interest as part of its default judgment. Prejudgment interest may start to accrue from the day the damages are certain. *See* Cal. Civ. Code § 3287(a). "Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable

6

but where their dispute centers on the issue of liability giving rise to damage." *U.S. Fidelity & Guar. Co. v. Lee Invs.*, 2009 WL 2423748, at *19 (E.D. Cal. Aug. 5, 2009) (citing *Esgro Cent., Inc. v. Gen. Ins. Co.*, 20 Cal. App. 3d 1054, 1060 (1971)). Thus, damages have "vested" when there is no factual dispute as to the damages owed, even if there remains a legal dispute as to liability. *See Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 921 (9th Cir. 2009). Here, Plaintiff supports its request for prejudgment interest accruing from April 15, 2015 – the date by which Plaintiff discovered that the product was defective. However, it is not clear why Plaintiff requests prejudgment interest through March 19, 2021, a date in the future.

The Court finds and recommends that Plaintiff is entitled to prejudgment interest which has accrued through the current date. Therefore, the Court RECOMMENDS that Plaintiff be awarded $105,668.35 in damages and $62,358.81 in prejudgment interest through March 10, 2021. The daily rate of prejudgment interest at ten percent annum is $28.95.

## CONCLUSION

For the foregoing reasons, the Court RECOMMENDS GRANTING Plaintiff's motion for default judgment, but REDUCING the amount of requested prejudgment interest to the days currently accrued. The Court RECOMMENDS AWARDING $105,668.35 in damages and $62,358.81 in prejudgment interest.

Not fewer than three days after this Report, Plaintiff shall serve Defendant with a copy of this Report by any means reasonably calculated to provide actual notice, and file proof of service to that effect. Any party may file objections to these recommendations no later than fourteen days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated: March 10, 2020

_____
SALLIE KIM
United States Magistrate Judge